## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| C.E.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.:  7:20-cv-214 (WLS) |
| | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Plaintiff's Unopposed Petition for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 21) ("Motion").  Plaintiff requests an award in the total amount of $5,533.36 for attorney fees.  Plaintiff does not claim or itemize any expenses incurred by counsel.  The Commissioner has not filed a response.

### I.   Procedural Background

Plaintiff filed a Complaint in this Court on October 23, 2020, appealing the Social Security Administration's denial of his claim for disability benefits. (Doc. 1.)  After the completion of briefing, United States Magistrate Judge, Thomas Q. Langstaff, submitted a Recommendation that the Commissioner of Social Security's ("Commissioner") decision be reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded for further action. (Doc. 20 at 5.)  The Court adopted the Recommendation to remand and entered judgment accordingly. (Docs. 22 & 23.)

Plaintiff now seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.S. § 2412,  totaling $5,533.36 for 25.3 hours of attorney work.  (Doc. 21.) This constitutes an average hourly rate of $218.71.  Plaintiff further states that the Defendant does not oppose the requested amount of attorney's fees.

By Order entered October 7, 2022 (Doc. 24), the Court required counsel to supplement the Motion with a detailed itemization of services rendered that was clearly aligned with hours

1

spent on the services and clarification that services itemized were performed by counsel as opposed to paralegals or other office staff.  Counsel filed the required supplement on October 7, 2022 (Doc. 25).

## II.   Equal Access to Justice Act

Pursuant to the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.S. § 2412(d)(1)(A).  Moreover, the attorney's fees requested must be reasonable.  28 U.S.C.S. § 2412(d)(2)(A).  "'Excessive, redundant or otherwise unnecessary hours' must be deducted from an award of fees." *Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 U.S. Dist. LEXIS 89350, at *5 (M.D. Fla. June 12, 2014).  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983).

The Court does not find that the Commissioner's position was substantially justified or that special circumstances make an award unjust.  *See Gallo v. Colvin*, No. 1:14-cv-2704-WSD, 2016 U.S. Dist. LEXIS 140405, at *2-3 (N.D. Ga. Oct. 11, 2016) ("[T]he Commissioner was not substantially justified in defending the ALJ's decision because the ALJ's decision did not comply with the required legal standards.").  Thus, an award of fees is appropriate here.

## III.   Reasonableness of Fees Requested

The EAJA provides that "reasonable attorney fees . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.S. § 2412(d)(2)(a).

"Plaintiff bears the burden of showing that the hours requested are reasonable." *Gallo*, 2016 U.S. Dist. LEXIS 140405, at *2.  The Eleventh Circuit Court of Appeals defines a

"reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. Of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citation omitted); *Cullens v. Georgia Dep't. of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994) ("The 'relevant market' is generally 'the place where the case is filed.'").  "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Callaway v. Acting Comm'r of Soc. Sec.*, 802 F. App'x 533, 536 (11th Cir. 2020) (quoting *Norman*, 836 F.2d at 1299). "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . .  Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."  *Norman*, 836 F.2d at 1299 (citations omitted). "[W]here there is inadequate evidence, the district court is considered an expert on the question of reasonable fees and can consider its own knowledge and experience without additional pleadings or a hearing." *Callaway*, 802 F. App'x at 536 (citing *Norman*, 836 F.2d at 1303).

In Plaintiff's Motion, he requests attorney's fees totaling $5,333.36 for 25.3 hours for work in this case.  Plaintiff provided the supplemental time records of counsel of record, Matthew D. Liebenhaut.  (Doc. 25.)  Mr. Liebenhaut was admitted to practice in this Court on October 23, 2016.

Plaintiff's attorney's fees sought are calculated at the hourly rate of $218.71, which is the amount allowed under the EAJA ($125), adjusted for inflation based on counsel's research showing

> The Consumer Price Index (CPI) in March of 1996 was 155.7, according to data from the U.S. Department of Labor.  The Index had risen to 275.703 as of December 2021.  U.S. Department of Labor, Consumer Price Index, All Urban Consumers, http://data.bls.gov/cgi-bin/surveymost.
>
> The December 2021 CPI of 275.703 represents a 74.9% increase from the March 1996 figure. This represents an increase in the $125.00 hourly rate to $218.71. . . .

(Doc. 21 at 2-3.)  The Commissioner has not filed any opposition to the Motion for fees, and a copy of an agreement between Plaintiff and his counsel assigning to counsel attorney fees awarded to Plaintiff under the EAJA is attached to the Motion as Exhibit B.  (*See* Doc. 21-2.)

The Court takes no issue with the hourly rate requested for Plaintiff's attorney's fees. A reasonable market rate in this region for attorneys with skills and experiences similar to Plaintiff's attorneys is well above $125. This Court has often awarded the CPI rate adjusted for inflation to attorneys in social security appeals and, especially where the Commissioner has filed no opposition, finds no reason to depart from that practice here. The hourly rate sought here is reasonable and justified by the increased cost of living.

### CONCLUSION

Upon full review and consideration of the record, the Court hereby **GRANTS** Plaintiff's Unopposed Petition for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 21). The Court awards to Plaintiff from the Defendant Commissioner $5,333.36 in attorney's fees. Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.


**SO ORDERED**, this 12th day of October 2022.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SENIOR JUDGE**
**UNITED STATES DISTRICT COURT**